

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2007

# Winarja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Winarja v. Atty Gen USA" (2007). *2007 Decisions.* Paper 723.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/723

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2319
_____

HANNY WINARJA,
                              Petitioner,

v.

HON. ALBERTO R. GONZALES,
Attorney General of the United States,
                              Respondent.
_____

On Petition for Review of an Order of
the Board of Immigration Appeals
U.S. Department of Justice
(BIA No. A96-262-741)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 18, 2007

Before: McKEE, FISHER, and CHAGARES, Circuit Judges

(Opinion Filed:  July 19, 2007)

_____

OPINION
_____

McKee, Circuit Judge:

    Hanny Winarja petitions for review of an order of the Board of Immigration

Appeals affirming the Immigration Judge's denial of his application for asylum,

withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). For the reasons that follow, we will deny Winarja's petition for review.[1]

## I.

We assume the parties' familiarity with the facts and procedural history and therefore, need not reiterate them here. In order to qualify for asylum or withholding of removal, Winarja must establish that he is a "refugee" under the Immigration & Nationality Act ("INA"), 8 U.S.C. § 1101(a)(42)(A). Accordingly, he has the burden of proving by clear and convincing evidence that he is unable or unwilling to return to the country of his nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

In addition, an application for asylum must be filed within one year of arrival in the United States absent "extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. §§ 1158(a)(2)(B) and (D). We do not have jurisdiction to review the IJ's determination of whether extraordinary circumstances justify waiving the one

---

[1] We have jurisdiction to review the final order of the BIA under 8 U.S.C. § 1252. Where the BIA affirms the IJ's decision without opinion, we review the decision of the IJ as if it were the decision of the BIA. *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005). We review the denial of withholding of removal for substantial evidence. *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (*en banc*).

In addition, the BIA adopted the decision of the IJ.. We therefore review the decision of the IJ as the final agency decision. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).

year time limitation for asylum applications. *See Tarrawally v. Ashcroft*, 338 F. 3d 180 (3d Cir. 2003). Here, the IJ ruled that Winarja's application for asylum was not filed within a year of arrival and that there are no extraordinary circumstances to excuse the late filing. Accordingly, we have no jurisdiction to review the IJ's denial of asylum. However, we do have jurisdiction to review the IJ's denial of withholding of removal and relief under the CAT.

## II.

As is the case with asylum, Winarja must establish he is a "refugee" in order to obtain withholding of removal. Accordingly, he must establish that there is a "clear probability" persecution if returned to Indonesia. *Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir. 2007). Past persecution raises a rebuttal presumption that fear of persecution is well-founded. 8 C.F.R. § 1208.16(b)(1)(i). As we noted in *Fatin v. INS*, 12 F.3d 1233, 1240 (3rd Cir. 1993), persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." That mistreatment must also be "on account of" race, religion, nationality, membership in a particular social group, or political opinion. *Tarrawally*, 338 F.3d at 186 (citing 8 U.S.C. § 1231(b)(3)(A)). Winarja must establish by a clear probability of evidence that it is more likely than not that he will be persecuted if removed to Indonesia. 8 U.S.C. § 1231(b)(3)(A); *Ghebrehiwot v. Att'y Gen.*, 467 F.3d 344, 351 (3d Cir. 2006).

Winarja's evidence of past persecution consisted of his testimony of a specific instance of conflict with Muslim Indonesians. The IJ reviewed this incident and

3

determined that the resulting harm did not rise to the level of past persecution and that Winarja was not more likely than not to be persecuted in the future. Winarja was riding in a public minibus on his way home from school when the bus became stuck in a traffic jam caused by a group of Muslim Indonesians trying to attack and torture ethnic Chinese. Winarja was the only ethnic Chinese on the minibus, and the attackers identified him as ethnic Chinese and started to throw rocks and broken glass at him. Winarja was injured and taken to a health facility where he received stitches and was released the next morning.[2]

In *Fatin*, we concluded that, while the concept of persecution includes "extreme conduct[,]" it does not "encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional," 12 F.3d at 1240, n.10. Thus, although ethnic Chinese and Christians in Indonesia are apparently subjected to discrimination which can sometimes assume the form of violence, we agree with the IJ's conclusion that the record here does not compel a conclusion of past persecution. The single incident involved private citizens. Even if that one incident were sufficiently severe to constitute persecution, the record would still lack any suggestion of the official sponsorship or government involvement required for a finding of "persecution." However, Winarja testified that police responded, and that the crowd/mob dispersed. That is inconsistent with a showing of government persecution.

---

[2] IJ found Winarja's testimony credible.

Accordingly, we find that substantial evidence supports the IJ's conclusion that Winarja has not established past persecution.

## III.

Substantial evidence also supports the IJ's determination that it is not more likely than not that Winarja would face persecution on the account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 C.F.R. § 1208.16(b)(iii). Wanarja's mother has continued to live and work in Indonesia, and there is no evidence that she has suffered persecution. Winarja argues that country conditions are deteriorating with respect to human rights and that there is now a pattern and practice of persecution against ethnic Chinese Christians. However, the IJ correctly concluded that he did not establish that the government is responsible or that it is unable or unwilling to control the activity. See *Abdurahman v. Ashcroft*, 330 F.3d 587, 592 (2003).

On the contrary, Wanarja's fear of future persecution rests solely on the isolated incident discussed above where he was injured by a mob that dispersed when police arrived.

Moreover, the IJ assessed the evidence of the State Department Report which states that the government has made significant efforts to reduce interreligious violence and that the intergroup strife has improved in respect to religious freedom.

Accordingly, substantial evidence also supports the IJ's conclusion that Winarja is not entitled to withholding of removal.

## IV.

As we have noted in *Ghebrehiwot*, failure to establish eligibility for asylum or entitlement to withholding of removal does not necessarily preclude relief under the CAT. 467 F. 3d at 358. To establish eligibility for relief under the CAT, Winarja must show that it is more likely than not that he will be tortured if removed. *Sevoian v. Ashcroft*, 290 F. 3d 166, 174-175 (3rd Cir. 2002). Protection under the CAT, unlike asylum or withholding of removal, requires neither a showing of subjective fear nor mistreatment "on account of" membership in a protected group or political opinion. *Ghebrehiwot*, 467 F.3d at 352 (citations omitted). However, Winarja has not proffered any argument regarding the denial of the CAT claim and we deem his appeal of the CAT claim to have been waived. *See Nagle v. Alspach*, 8 F.3d 141, 143 (3rd Cir. 1993) (absent "extraordinary circumstances" appellant must present an argument in support of each issue raised on appeal or such issues are abandoned and waived). Moreover, it is clear from the record that Winarja can not establish relief under the CAT.

## V.

For all the reasons above, we lack jurisdiction to review Winarja's asylum claim, and the IJ's decision withholding of removal is supported by substantial evidence. Accordingly, we will affirm the decision of the IJ, and deny the petition for review.